IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MARY LOUISE WACTOR,

                 Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

                 Defendant.

No. 1:21-CV-170

## REPORT AND RECOMMENDATION

The claimant, Mary Louise Wactor, requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The District Court referred the case to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned finds that the Administrative Law Judge ("ALJ") erred in assessing the medical opinion evidence and that remand is warranted.

## I. FACTUAL AND PROCEDURAL HISTORY

Wactor was 61 years old at the time of the Commissioner's decision, has a high school education, and past work experience as a medical secretary. (Tr. 237.) She filed applications for Title II Disability Insurance Benefits and Title XVI Supplemental Security Income on October 22, 2018, alleging disability beginning February 1, 2017, due to rheumatoid arthritis, high blood pressure, high cholesterol, carpal tunnel syndrome in both hands and wrist, diabetes type II, shoulder injury in both shoulders, degenerative disc disease, and sciatica. (Tr. 18, 62, 76, 235.) Her claims were initially denied on April 16, 2019, and upon reconsideration on September 5, 2019. (Tr. 18.) After a hearing held on September 11, 2020, the Administrative Law Judge ("ALJ") Kimani R. Eason issued an unfavorable decision dated October 16, 2020. (Tr. 18-28,

34-61.)  ALJ Eason utilized the five-step sequential analysis model specified by regulations and approved by courts.[1]  At step one, ALJ Eason found that Wactor has not engaged in substantial gainful activity since the alleged onset date.  (Tr. 20.)  At step 2, ALJ Eason determined that she had the following severe impairments: obesity; degenerative disc disease of the cervical and lumbar spine; degenerative joint disease and rotator cuff tear of the right shoulder; and degenerative joint disease of the left knee.  (Tr. 21.)  She considered Wactor's diagnosis of degenerative joint disease, degenerative disc disease, and obesity at step three but found that she does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R.  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). ALJ Eason determined that Wactor retained the Residual Functional Capacity ("RFC") to perform light work with the following limitations:

> [Wactor] can occasionally climb, balance, stoop, kneel, crouch, and crawl. [She] can occasionally reach laterally and overhead using the dominant right upper extremity. . . [but] can never work at unprotected heights or around dangerous moving machinery.  [She] must avoid all exposure to industrial vibrations.

(Tr. 24.)  Consequently, ALJ Eason found that Wactor was capable of performing past relevant work as a medical secretary, and not disabled.  (Tr. 27-28.)  On February 10, 2021, the Appeals Council denied Wactor's request for review. (Tr 1-6.)   Having exhausted administrative remedies, Wactor seeks judicial review pursuant to 42 U.S.C. § 405(g).

---

[1]      To determine whether a claimant is disabled, the Commissioner's analysis proceeds along five steps.  *See* 20 C.F.R. § 404.1520(a)(4); *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021).  The Commissioner considers (1) whether the claimant is engaged in "substantial gainful activity," (2) the severity and duration of the claimant's impairments, (3) whether the claimant's impairment "meets or equals" one of the listings in the relevant regulations, (4) whether the claimant can still do his "past relevant work," and (5) whether the impairment prevents the claimant from doing any relevant work. *Id.*

## II.  JUDICIAL REVIEW

This court reviews the Commissioner's denial of social security disability benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence."  *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (quotation marks and citation omitted).  Substantial evidence is merely enough that a reasonable mind could arrive at the same decision; though the evidence "must be more than a scintilla[,] it need not be a preponderance."  *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (quotation marks and citation omitted).

Reviewing courts, therefore, give the Commissioner's decisions great deference.  *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).  Courts may not re-weigh evidence, try issues *de novo*, or substitute their judgments for those of the Commissioner.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995).  A court cannot reverse the Commissioner simply because the court might have decided the case differently in the first instance.   *Elfer v. Texas Workforce Commission*, 169 F. App'x 378, 380 (5th Cir. 2006); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (stating that the court may not "substitute [its] judgment for that of the Secretary"). Rather, it is for the Commissioner to weigh evidence and resolve conflicts.  *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

## III.  POINTS OF ERROR AND RESPONSE

Wactor raises three points of error on appeal.  First, that ALJ Eason failed to properly evaluate the medical opinion evidence consistent with Agency authority and Fifth Circuit precedent.  Second, she claims that ALJ Eason's step two findings are unsupported by substantial evidence because she did not include mental impairments at step two.  Third, Wactor contends that ALJ Eason erred in failing to include mental work-related limitations in the RFC.  The

Commissioner responds that contrary to Wactor's allegations, ALJ Eason properly addressed the medical opinion evidence in accordance with the new, relevant regulations and that substantial evidence supports her decision. She further contends that ALJ Eason's RFC formulation, which did not include any mental limitations, is supported by the record and entitled to judicial deference. The undersigned recommends remanding her case based on the first argument presented, and therefore declines to address Wactor's second and third points of error.

## IV. EVALUATION OF MEDICAL OPINION EVIDENCE

Pursuant to the revised rules for evaluating medical opinions, the ALJ must determine the persuasiveness of a physician's medical opinion. 20 C.F.R. § 404.1520c(b). When evaluating whether a medical opinion is persuasive, the ALJ considers five factors: 1) supportability; 2) consistency; 3) the relationship with the claimant; 4) specialization; and 5) other factors which "tend to support or contradict the opinion." *Id*. § 404.1520c(c). When addressing the sufficiency of an ALJ's persuasiveness discussion under § 404.1520c(b)(2), one court described the ALJ's obligation as follows:

> An ALJ's persuasiveness discussion is critical to his analysis and . . . must provide the Court with an 'adequate discussion' of his reasons for finding a particular medical opinion to be persuasive or unpersuasive. The measuring stick for an 'adequate discussion' is whether the ALJ's persuasiveness explanation enables the court to undertake a meaningful review of whether his finding with regard to the particular medical opinion was supported by substantial evidence, and does not require the Court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof. Stated differently, there must be a discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding.

*Cooley v. Comm'r of Soc. Sec*., 587 F. Supp. 3d 489, 500 (S.D. Miss. 2021) (citing *Pearson v. Comm'r*, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021); *Kilby v. Kijakazi*, No. 4:20-CV-03035, 2022 WL 1797043, at *4 (S.D. Tex. Mar. 15, 2022). The most important factors in this analysis are supportability and consistency. *See id*.; 20 C.F.R. § 404.1520c(b)(2) (The ALJ must

"explain how [he] considered the supportability and consistency factors for a medical source's

medical opinions or prior medical findings in [his] determination or decision.").

"Supportability" focuses on how well the medical evidence and supporting explanations

given by the medical provider support the provider's opinion.  *See* 20 C.F.R. § 404.1520c(c)(1)

("The more relevant the objective medical evidence and supporting explanations presented by a

medical source are to support his or her medical opinion(s) or prior administrative medical

finding(s), the more persuasive the medical opinions or prior administrative medical finding(s)

will be."); *see also, Vellone v. Saul*, 1:20-cv-00261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29,

2021) ("[T]he strength of a medical opinion increases as the relevance of the objective evidence

and explanations presented by the medical source increase." (citing 20 C.F.R. §

404.1520c(c)(1)).  "Consistency," on the other hand, is "an all-encompassing inquiry focused on

how well a medical source is supported, or not supported, by the entire record."  (*Id*.)

## V.  DISCUSSION

The crux of Wactor's first point of error is whether she maintains the ability to perform

the frontal reaching demands necessary to perform her past relevant work.  The record contains,

among other things, opinion evidence from a State Agency Medical Consultant, Susan Clifford,

M.D., who reviewed Wactor's medical record and completed a physical RFC assessment.  On

this form, Dr. Clifford indicated that Wactor's reaching ability (in any direction, including

overhead) is "limited."  Dr. Clifford clarified this finding, and below the word "Limited" wrote

"Right in front and/or laterally," and "Right Overhead."[2]  (Tr. 101.)  The form asks the doctor to

clarify her findings and explain how and why the evidence supports her conclusions.   Dr.

Clifford further noted that Wactor is limited to "OCC OVERHEAD AND LATERAL

REACHING DUE TO OA OF R SHOULDER."  (Tr. 101.)  Relevant to Wactor's appeal is Dr.

Clifford's failure to include frontal reaching in the clarification sentence, despite listing it

previously in the form.

In analyzing this opinion evidence, ALJ Eason found Dr. Clifford's opinion "persuasive"

and "consistent with the medical evidence as a whole."  (Tr. 26.)  In support of this finding, ALJ

Eason cited to medical treatment notes that show "numbness in both hands and a restricted range

of motion of the right shoulder."  (Tr. 26) (internal citations omitted).  Despite this finding, ALJ

Eason did not incorporate any *frontal* reaching limitation in developing Wactor's RFC.   ALJ

---

[2]        For clarification, the form (Tr. 101) is reproduced here:

**Does the individual have manipulative limitations?**
    Yes

**Rate the individual's manipulative limitations:**

    **Reaching any direction (including overhead):**
        Limited

                Right in front and/or laterally
                Right Overhead

    **Handling (gross manipulation):** Unlimited

    **Fingering (fine manipulation):** Unlimited

    **Feeling (skin receptors):** Unlimited

    **Explain manipulative limitations and how and why the evidence supports your conclusions.**
    **Cite specific facts upon which your conclusions are based (include the extent to which the**
    **function can be performed – e.g., constantly, frequently, occasionally, never, etc.):**
        OCC OVERHEAD AND LATERAL REACHING DUE TO OA OF R SHOULDER

Eason explained "[i]f Dr. Clifford wanted to opine the claimant had limited frontal reach. . . she would have specifically stated it," and that Dr. Clifford's statement ("right in front and/or laterally") "appears to be based on form."  (Tr. 25.)

Wactor argues that ALJ Eason failed to comply with 20 C.F.R. § 404.1520c because she did not sufficiently explain her decision to reject Dr. Clifford's finding that Wactor is limited in frontal reaching with her right hand.  The Commissioner's response is that the doctor's use of the phrase "and/or" does not definitively establish that Wactor exhibits front reaching limitations and therefore, no error resulted.  The Commissioner relies on ALJ Eason's reasoning that *if* Dr. Clifford found Wactor to be limited in frontal reaching, she would have "specifically stated it." The obvious flaw in the Commissioner's argument is that Dr. Clifford *did* specifically state it— she wrote that Wactor's reaching was limited "right in front and/or laterally."[3]  (Tr. 101.)  The measuring stick for an "adequate discussion" is whether the ALJ's explanation enables the court to undertake a meaningful review and does not require the court to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof.  *Cooley*, 587 F. Supp. at 500. ALJ Eason's explanation poses an inexplicable discrepancy—is her decision based on a misunderstanding of the doctor's findings, or was it intentional?  The answer is unclear.

Regardless, ALJ Eason must explain her decision not to include frontal reaching limitations.  She tried to provide an adequate explanation by stating "if Dr. Clifford wanted to opine the claimant had limited frontal reach . . . she would have specifically stated it"—but because the doctor *did* state it, the ALJ's reasoning is flawed.  By failing to elaborate or provide an accurate description of the doctor's findings, ALJ Eason left the court to speculate and therefore unable to conduct meaningful judicial review.  This constitutes legal error.

---

[3]     The undersigned recognizes that Dr. Clifford's use of the term "and/or" in this context is ambiguous— either Wactor's ability to reach in front is limited, or it's not.  Her ability to reach in front is independent of her ability to reach laterally.

Because "[p]rocedural perfection in administrative proceedings is not required," *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988), "a mistake in an ALJ's decision does not automatically render the entire decision unsupported by substantial evidence." *Botsay v. Colvin*, 658 F. App'x 715, 718 (5th Cir. 2016). Instead, "the Fifth Circuit has applied the harmless error standard where the ALJ misstated the medical evidence." *Robinson v. Colvin*, No. 14-CV-1530, 2015 WL 5725134, at *8 (E.D. La. Sept. 28, 2015) (citing *Brunson v. Astrue*, 387 F. App'x 459, 461 (5th Cir. 2010)); *see Jones v. Saul*, No. 19-CV-880, 2020 WL 5752390, at *18 (N.D. Tex. Aug. 24, 2020) (applying harmless error standard to factual errors made in the RFC analysis), *report and recommendation adopted*, 2020 WL 5747873 (Sept. 25, 2020). "[H]armless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Jones*, 2020 WL 5752390, at *18; *Reese v. Saul*, No. 4:19-CV-2787, 2020 WL 6804513, at *5 (S.D. Tex. Nov. 3, 2020), *report and recommendation adopted*, No. 4:19-CV-02787, 2020 WL 6799610 (S.D. Tex. Nov. 19, 2020).

Here, Dr. Clifford's opinion, which ALJ Eason found "persuasive," was that Wactor's ability to reach overhead, laterally, and/or in front with her right arm is limited. Despite finding this opinion persuasive, ALJ Eason did not include the doctor's frontal reaching limitation in formulating Wactor's RFC, and her explanation for not adopting the front reaching limitation does not satisfy the particularity requirements of 20 C.F.R. § 404.1520c for the reasons discussed above. The vocational expert testified that in order to perform her past work as a medical secretary, Wactor **must** be able to reach frequently in front. (Tr. 56-57.) Therefore, the ALJ's error is not harmless and the undersigned recommends remanding the case for further administrative proceedings consistent with this report.

## VI.  CONCLUSION

In summary, the undersigned finds that ALJ Eason's failure to properly evaluate and discuss the medical opinion evidence was not harmless.  Accordingly, the Commissioner's administrative decision should be remanded.  Because the case is remanded based on Wactor's first point of error, the remaining issues raised in Wactor's briefing are not addressed in this report.  However, the Commissioner is advised to revisit the evidence of Wactor's mental health on remand and include any nonexertional impairments, if the evidence supports such a finding, at step two.

## VII.  OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such

findings of fact and conclusions of law accepted by the United States district judge, *see Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

      SIGNED this 19th day of January, 2023.

                         Zack Hawthorn

                         United States Magistrate Judge