IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MARY LOUISE WACTOR, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:21-CV-170 |

## REPORT AND RECOMMENDATION

Pending is the Plaintiff, Mary Louise Wactor's, *Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice.*[1] (Doc. No. 24.) Counsel's attachment to the application for attorney fees includes a recitation of legal services performed and time required. After an independent review of the record, the court finds that this amount of time was reasonable. The undersigned calculates Counsel's request at the rate of $125.00 per hour, plus cost-of-living enhancements calculated at the annual CPI rate for the year the work was completed. This rate is not in excess of the statutory maximum when cost of living adjustments are calculated.

Therefore, the undersigned United States Magistrate Judge recommends that:

1. Plaintiff's application for attorney's fees be granted;

2. The Commissioner of Social Security pay Mary Louise Wactor, in care of her attorney, Howard Olinksy, an attorney fee in the amount of $6,479, and it should be mailed to: Mary Louise Wactor, in care of her attorney, Howard Olinksy, Olinsky Law Group – Syracuse, 250 South Clinton Street, Suite 210, Syracuse, NY 13202;

---

[1] Plaintiff's certificate of conference indicates that counsel for the Commissioner is unopposed to the request. (Doc. 24-2.)

1

3.     This award be subject to any beneficial, contractual and/or assignment-based interests held by the Plaintiff's attorney; and

4.     If successful at the administrative level, the Plaintiff be granted an extension of thirty days from receipt of the Notice of Award from the Social Security Administration to file a motion for attorney's fees under 42 U.S.C. § 406(b).

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 17th day of August, 2023.

                                                    Zack Hawthorn
                                                    United States Magistrate Judge